IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAD HARRISON, in his capacity as Personal Representative of the Estate of Johnathon Harrison, | Case No.: 2:23-cv-00334-HL |
| Plaintiff, v. | ORDER |
| VALE OREGON IRRIGATION DISTRICT, TY KING, and UNITED STATES BUREAU OF RECLAMATION, | |
| Defendants. | |

United States Magistrate Judge Andrew Hallman issued a Findings and Recommendation ("F&R") in this case on November 3, 2023, recommending that defendant United States'[1] Motion to Dismiss, ECF [17], be granted and plaintiff's claims against the United States be dismissed with prejudice. Judge Hallman also recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims against Vale Oregon Irrigation District ("VOID") and Ty King ("King"), that those claims be dismissed without prejudice, and that VOID and King's Motion to Dismiss, ECF [12], be denied as moot. Plaintiff timely filed objections. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474

---

[1] Plaintiff originally named the United States Bureau of Reclamation (the "BOR") as a defendant. However, pursuant to the Federal Torts Claim Act, only the United States is a proper party defendant. The United States moved to be substituted as the proper party defendant. United States Mot. to Dismiss, ECF [17], at 1 n.1

U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## DISCUSSION

Plaintiff brings this action against defendants alleging wrongful death, violation of the Oregon Employer Liability Law (the "ELL"), negligence, and negligence per se. Compl., ECF [1], ¶¶ 31-59. Plaintiff represents the estate of Johnathon Harrison, a VOID employee who died on October 27, 2021, when the dump truck he was driving went off the road and rolled into an embankment. *Id.* ¶¶ 22-25.

The United States moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that all claims against it are barred by the independent contractor and discretionary function exceptions to the Federal Tort Claims Act ("FTCA"). United States Mot. to Dismiss, ECF [17]. VOID and King moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims are barred by Oregon's Tort Claims Act, Oregon Revised Statue ("ORS") § 30.265(6)(a), and ORS § 656.018. VOID Mot. to Dismiss, ECF [12].

In the F&R, Judge Hallman first addressed the United States' motion. He found that plaintiff could not hold the United States directly liable under the FTCA because he had failed to state a claim under state or federal law and that, in any event, all claims against the United States were barred by the discretionary function exception to the FTCA.[2] F&R, ECF [33], at 12-27. Judge Hallman found that any amendment to the claims against the United States would be futile in light of the discretionary function exception and recommended dismissing those claims with prejudice. *Id.* at 27-28.

In the absence of any claims against the United States, Judge Hallman found that the Court

---

[2] Judge Hallman did not address the arguments in the United States' motion related to vicarious liability, finding that plaintiff acknowledged that the United States could not be held vicariously responsible for torts committed by independent contractors and that plaintiff intended to bring only direct liability claims. F&R 12. As a result, he did not address the independent contractor exception as it relates to these claims. *Id.*

lacked subject matter jurisdiction over the remaining state law claims against VOID and King and recommended that those claims be dismissed without prejudice. *Id.* at 28-29.

Plaintiff raises several objections. First, plaintiff argues that the F&R failed to consider plaintiff's claim for relief under the ELL when finding that plaintiff had failed to state a claim for relief against the United States. Objs. to F&R ("Objs."), ECF [35], at 4-6. Second, plaintiff argues that Judge Hallman erred in finding in his negligence analysis that plaintiff did not identify a nondelegable duty and that plaintiff failed to allege that the BOR retained control of the irrigation district project. *Id.* at 6-10. Third, plaintiff argues that Judge Hallman incorrectly found that the United States had discretion regarding the implementation of or compliance with Reclamation Safety and Health Standards and that, therefore, the discretionary function exception should not apply. *Id.* at 10-14. Finally, plaintiff argues that the F&R erred in concluding that amending the original complaint would be futile and recommending that the complaint be dismissed with prejudice. *Id.* at 14-17.

## A.    Discretionary Function Exception

The Court begins by reviewing plaintiff's objection to the finding that the discretionary function exception bars plaintiff's claims. The discretionary function exception bars claims brought under the FTCA that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Courts apply a two-part test to determine whether the discretionary function exception bars a claim. First, the court considers whether the government act or omission on which the claim is based is discretionary; that is, if it "involves an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). If the act or omission did not involve an element of judgment or choice, there was no discretion, and the discretionary function exception does not apply. *Id.* If the act or omission did involve an element of judgment or choice, the court then asks whether the judgment "is of the kind that the discretionary function exception was designed to shield." *Id.* Congress created the discretionary function exception to shield judgments "grounded in social, economic, and political policy." *United States v. Varig*

*Airlines*, 467 U.S. 797, 814 (1984).  This analysis should not focus on the "subjective intent" in exercising discretion, "but on the nature of the actions taken and on whether they are susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325 (1991).  If the act or omissions is discretionary, a "strong presumption" arises that it was grounded in policy considerations.  *Id.* at 324.  "[A] safety or engineering standard operates to remove discretion under the FTCA when it is embodied in a *specific* and *mandatory* regulation or statute which creates clear duties incumbent upon the governmental actors."  *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1026 (9th Cir. 1989) (emphasis in original).  A "general statutory duty to promote safety" is not sufficient to remove discretion.  *Id.*

Plaintiff argued that portions of the Reclamation Safety and Health Standards (the "BOR Standards") and Contract No. IlR-1552 (the "1949 Contract") conferred a nondelegable and nondiscretionary duty to maintain oversight and ensure that VOID complied with safety rules.  Judge Hallman found that the 1949 Contract gave BOR the option to inspect the Vale Project, but did not mandate inspections, and that while the BOR Standards contained provisions that mandated contractor responsibilities, it did not contain any language mandating that the United States force contractors such as VOID to comply with safety regulations.  F&R 21, 23.  As a result, Judge Hallman found that BOR "had discretion regarding its supervision of VOID and as to inspecting the Vale Project for compliance with applicable safety standards."  *Id.* 24.  Then, Judge Hallman found that the BOR's decisions regarding supervision of VOID and inspection of the Vale Project were policy judgments.  *Id.* 25-27.

Plaintiff objects specifically to Judge Hallman's finding, on the first prong, that BOR had discretion "in deciding whether to enforce safety measure and policies once promulgated."  Objs. 10.  He points again to the BOR Standards, arguing that the F&R relies too much on the section heading of "Contractor Requirements."  *Id.* at 12.  In addition to establishing contractor responsibilities, plaintiff argues, this section also sets out binding responsibilities of a BOR "Contracting Officer's Representative" and, therefore, binds the BOR as well.  *Id.* at 13.  He also argues that the BOR Safety Manual incorporates 29 C.F.R., including 29 C.F.R. § 1960.79(a)-(b), which he argues requires the BOR to "analyze the implementation of their procedures."  *Id.*

4

Upon review, the Court adopts Judge Hallman's finding that the BOR Standards and 1949 Contract do not contain mandatory language and that the BOR retained discretion over decisions related to supervising and inspecting the Vale Project. Section Three of the BOR Standards, which plaintiff cites, contains mandatory language regarding the conduct of contractors, not the BOR. *See* Decl. of Bryan R. Horsburgh ("Horsburgh Decl."), ECF [18], Ex. 5, at 25-28. It requires that the contractor submit certain documentation to the BOR Contracting Officer's Representative if and when requested and states that the Contracting Officer's Representative must attend Contractor Safety Program Reviews and Joint Safety Policy Meetings. *Id*. It also requires the contractor to report accidents and cooperate with any resultant investigation. *Id.* at 27. It does not, however, contain any specific and mandatory language creating clear duties for the Contracting Officer's Representative or any other BOR employee to supervise or enforce safety regulations. Similarly, 29 C.F.R. § 1960.79, which is merely referenced as an authority for the BOR Standards, *see* Horsburgh Decl., Ex. 5, at 19, requires that federal agency heads "develop and implement a program of self-evaluations to determine the effectiveness of their occupational safety and health programs." 29 C.F.R. § 1960.79. It does not contain any specific or mandatory language creating clear duties for BOR employees to supervise or enforce safety regulations.

Even if the BOR had discretion, plaintiff argues that failure to ensure compliance with safety standards is not the kind of act or omission the discretionary function exception is designed to shield. Objs. 14. He states, without citing any authority, that "the omission of safety evaluations is not the type of act the discretionary function exception is intended to protect." *Id.*

Because the alleged acts or omissions are discretionary, the Court begins with a presumption that they are grounded in policy and, thus, the kind of acts or omissions the discretionary function is designed to shield. "When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." *Varig Airlines*, 467 U.S. at 819-20. Here, the BOR had the discretion to determine the extent to which it would maintain oversight and ensure compliance with safety rules, and, therefore, its decisions were grounded in policy.

Both prongs of the discretionary function exception test are satisfied. The Court, therefore, adopts the finding that the discretionary function exception bars plaintiff's claims against the United States.

**B.      Failure to State a Claim**

The finding that plaintiff's claims against the United States are foreclosed by the discretionary function analysis is sufficient, on its own, to dismiss the claims against the United States and decline to exercise supplemental jurisdiction over the state law claims against VOID and King. However, the Court will briefly address plaintiff's additional objections.

Judge Hallman construed plaintiff's complaint as asserting "a premises liability claim based on a duty to warn or inspect regarding dangerous conditions" and "a negligence claim based on the duty of care to supervise or inspect where a contractor is hired to perform work involving inherently dangerous activity." F&R 13. Plaintiff does not object to this summation. Judge Hallman found that plaintiff failed to state a claim under these theories. *Id.* at 18. Plaintiff does not object to this finding as it relates to the premises liability claim.

Plaintiff does object, however, to the finding as it relates to the negligence claim based on the duty of care to supervise or inspect where a contractor is hired to perform work that is inherently dangerous. Objs. 6-10. Generally, under Oregon law, "the employer of an independent contractor is not liable for the contractor's negligence." *Meek v. Ward*, No. 2:21-CV-00216-SU, 2021 WL 4319585, at *2 (D. Or. Aug. 9, 2021) (citing *Johnson v. Salem Title Co.*, 246 Or. 409, 413, 425 P.2d 519 (1967)), *report and recommendation adopted*, No. 2:21-CV-00216-SU, 2021 WL 4317668 (D. Or. Sept. 22, 2021). There is an exception to this general rule that renders an employer liable "if the work to be done is inherently dangerous." *Id.* (quoting *Johnson*, 246 Or. at 413 (internal quotation marks omitted)). That exception, however, extends liability only to third parties, and not to employees of the independent contractor. *Wilson v. Portland Gen. Elec. Co.*, 252 Or. 385, 399, 448 P.2d 562 (1968), *abrogated on other grounds by Yeatts Whitman v. Polygon Nw. Co.*, 360 Or. 170, 379 P.3d 445 (2016).

Under Oregon law, therefore, the United States would be liable to third parties, but not to VOID employees, if BOR hired VOID to perform work that was inherently dangerous. Because the United

States could not be held liable to third parties, Judge Hallman found that, regardless of whether the work was inherently dangerous or not, plaintiff failed to state a claim for negligence under the theory that the United States owed a duty of care to supervise or inspect VOID's work.  F&R 18.

In his objections, plaintiff again raises *Rooney v. United States*, 634 F.2d 1238 (9th Cir. 1980) and *Gardner v. United States*, 780 F.2d 835 (9th Cir. 1986) for the proposition that "the United States can be held liable to the employee of a contractor where there is a nondelegable duty and inherently dangerous work being conducted by a third-party contractor and where the United States fails to ensure compliance with safety regulations and rules."  Objs. 6.  As Judge Hallman explained in the F&R, however, *Rooney* and *Gardner* both looked to California law that, unlike the Oregon law applicable to this case, extended an employer's nondelegable duty of care to employees of contractors.  F&R 17 n.1.

The additional cases cited in plaintiff's objections do not alter the Court's conclusion. Plaintiff, for example, cites *Kuhns v. Standard Oil Company of California, Western Operations*, 257 Or. 482, 490-91 (1971), for the proposition that " a general contractor can be held liable for its own negligence even when the injured party is the employee of an independent contractor."  Objs. 8.  *Kuhns* recognized that a general contractor could be held liable "for any negligence of his own in connection with the work to be performed.  Where the employer gives directions for the work, or retains control over it, he is required to exercise reasonable care for the protection of others, including making a reasonable inspection of the work after it is completed, to be sure that it is safe."  *Kuhns*, 257 Or. at 490-91.  Similarly, in *Woodbury v. CH2M Hill, Inc.*, the court reversed a jury verdict denying plaintiff's negligence claim where there was evidence that general contractor defendant "exercised actual control over safety aspects of the project and, in particular, exercised actual control over that part of the project that required plaintiff [employee of subcontractor] to work at a dangerous height" and there was evidence that defendant had negligently failed "to provide plaintiff and its own supervising employees with any fall protection training or supervision." 335 Or. 154, 163, 61 P.3d 918 (2003).

As an initial matter, the United States was not a general contractor in this scenario.  Even assuming that this line of cases might apply, the facts are distinguishable.  Unlike in *Kuhns* and *Woodbury*,

the United States transferred responsibility for all care, operation, and maintenance of the Vale Project to VOID. Unlike a general contractor, who may have employees supervising and/or directly participating in the project alongside a subcontractor's employees, the BOR did not have employees present at the Vale Project and did not give directions for or retain control over the work, creating the kind of responsibilities that, if not exercised with reasonable care, could lead to liability for negligence. Plaintiff does not allege that the BOR gave directions or retained control over the manner in which VOID employees transported concrete or safety aspects of vehicle operation.

Plaintiff also objects on the basis that the F&R did not address his claim for relief under the ELL, ORS § 654.305, which he argues is separate and distinct from his common law negligence claim. Objs. 4. The ELL "can be made the basis of a claim for relief by an injured worker suing a defendant other than an employer of the worker" when "the defendant [is] in charge of or [has] responsibility for work involving risk or danger in either (a) a situation where defendant and plaintiff's employer are simultaneously engaged in carrying out work on a common enterprise, or (b) a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed." *Miller v. Georgia-Pac. Corp.*, 294 Or. 750, 754, 662 P.2d 718 (1983). The ELL does not create a cause of action; an action under the ELL is "an action for negligence with a higher standard of care." *Miller v. Goodyear Tire & Rubber Co.*, 434 F. Supp. 3d 877, 882 (D. Or. 2020) (citing *Sacher v. Bohemia, Inc.*, 302 Or. 477, 481, 731 P.2d 434 (1987) and *Shelton v. Paris*, 199 Or. 365, 368-69, 261 P.2d 856 (1953)).

A "common enterprise" exists "in circumstances where both employees of the defendant and employees of the direct employer of the plaintiff have intermingled duties and responsibilities in performing the risk-creating activity or where equipment that the defendant controls is used in performing that activity." *Yeatts Whitman*, 360 Or. at 180. (finding no common enterprise existed where "[defendant general contractor's] employees engaged in general oversight of the construction project, [and] employees of [plaintiff's subcontractor] performed the framing work for the project on their own," plaintiff's subcontractor made its own safety determinations, and there was no evidence that defendant's employees

were regularly present at the job site). "Actual control" requires "active, on-site participation" that demonstrates that "defendant there actually controlled the risk-producing activity." *Id.* at 183. To establish that defendant "retains a right to control," plaintiff "must identify some source of legal authority for that perceived right." *Boothby v. D.R. Johnson Lumber Co.*, 341 Or. 35, 41, 137 P.3d 699 (2006).

Judge Hallman found that plaintiff failed to allege facts showing that BOR employees and VOID employees were engaged in a common enterprise or had intermingled duties in performing the risk-creating activity. F&R 18 n.2. He also found that plaintiff failed to plead that the BOR retained the right to control or actually controlled the manner in which the risk-producing activity was performed, noting that it was undisputed that BOR employees were not present at the Vale Project and were not involved in safety training, equipment inspections, or work assignments. *Id.* Accordingly, he found that the United States did not owe a duty of care under the ELL. *Id.*

Plaintiff specifically objects to the finding that he failed to plead that the BOR retained the right to control. Objs. 9. He points to paragraphs forty-six ("At all relevant times, Defendants retained a right to control the method and/or manner in which the risk-producing activity was performed"), twenty-nine ("BOR was Johnny's indirect employer who retained the right to control the dangerous work Johnny was performing when he was killed"), twenty-seven ("BOR retained ultimate control of the Project, the right to inspect VOID's work, the right to impose monetary penalties on VOID, the right to terminate VOID's oversight of the Project and even reassume day-to-day operation and control of the Project") and twenty-eight ("BOR and VOID have entered into several contracts" that "expressly reserve to BOR the ability to inspect projects, maintenance activities, books, and the general workings of VOID, and assume absolute control of the Vale Project as it deems necessary") of the complaint to demonstrate that his pleadings are sufficient.

Paragraphs twenty-seven, twenty-nine, and forty-six are conclusory, and therefore do not sufficiently allege that the BOR retained a right to control. Paragraph twenty-eight raises the contracts that delegate responsibility to VOID but retain a right for the BOR to reenter the Vale Project. As discussed in the F&R, the 1926 Contract transferred responsibility for the Vale Project to VOID, including responsibility

for safety, and the 1949 Contract reaffirmed the transfer of responsibilities while reserving the right of the BOR to enter, inspect, and take over the operation and maintenance of the Vale Project. F&R 3-4. The contracts expressly place responsibility on VOID for safety measures, while permitting, but not requiring, the BOR to enter and inspect, and certainly do not reserve any right for the BOR to control the manner in which the risk-producing activity was performed. Accordingly, plaintiff has failed to state a claim for relief under the ELL. *Cf. Yeatts Whitman*, 360 Or. at 192 ("Polygon's retention of the rights to require additional safety measures, and to inspect the work site in its entirety, particularly in the absence of a contractual provision that placed sole responsibility for safety measures on Wood Mechanix, constituted sufficient evidence that Polygon retained the right to control the risk-producing activity.").

## C.    Futility of Amendment

Finally, plaintiff argues that the Court should reject the finding that amendment would be futile and grant him leave to file a first amended complaint. Objs. 14-17. Plaintiff states that "more specific and detailed allegations could demonstrate the prescribed responsibilities of the BOR that render the discretionary function exception inapplicable here." *Id.* at 17. He does not, however, explain what those allegations might be. As previously discussed, the discretionary function exception bars claims related to the United States' acts or omissions regarding the oversight of VOID. More specific and detailed allegations of negligence in oversight would not defeat the discretionary function exception. Accordingly, the Court adopts Judge Hallman's finding and recommendation that amendment would be futile and the claims against the United States should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Hallman's thorough and well-reasoned Findings and Recommendation, ECF [33]. Defendant United States' Motion to Dismiss, ECF [17], is GRANTED, and plaintiff's claims against the United States are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against defendants Vale Oregon Irrigation District and Ty King. Plaintiff's claims against defendants Vale Oregon Irrigation District and Ty King are dismissed without prejudice. Vale Oregon Irrigation District and Ty King's Motion to

Dismiss, ECF [12], is DENIED as moot.


IT IS SO ORDERED.


    DATED this 29th day of March, 2024.

                                _____

                                Adrienne Nelson
                                United States District Judge